**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. 93-CR-21 |
| ) | |
| JOHN JOSEPH SHORTER ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF DECISION AND ORDER

Before the court is Petitioner John Shorter's ("Shorter's") "Formal Request for Modification of Sentence" filed on March 23, 2005. The substance of Shorter's Motion seeks to vacate his sentence in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and in *United States v. Booker,* 125 S.Ct. 738 (2005).

Although Shorter has not filed the present petition pursuant to 28 U.S.C. § 2255, he is seeking relief that he can obtain only through § 2255. Indeed, the Seventh Circuit has made clear that:

> [a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted). Here, Shorter seeks to have his sentence vacated and to be resentenced, claiming that his original sentence was imposed in violation of the Sixth Amendment. Thus, the substance of his request is clearly covered

1

by §2255 and the petition must be construed as a § 2255 motion. *United States v. Evans,* 224 F.3d 670, 673 (7th Cir.2000) ("[A]ny motion filed after the expiration of the time for direct appeal, and invoking grounds mentioned in [§ 2255(1) ] is a collateral attack for purposes of [2255(8)."])

Having determined then, that Shorter's motion is one seeking §2255 relief, the court notes that the docket reflects this is his **fourth** such motion. Pursuant to the 1996 Amendments to §2255, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner filing successive §2255 motions must receive certification from the Seventh Circuit Court of Appeals prior to filing the motion in the District Court. In pertinent part, 28 U.S.C. §2255, ¶8, provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255. Section 2244(b)(3) provides "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Case law interpreting these provisions holds that unless leave is first obtained from the appropriate appellate court, the only thing a district judge may do with a second or successive petition for collateral review is dismiss it for want of jurisdiction. *Nunez v. United States*, 96 F.3d 990 (7th Cir.1996); *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

There is no evidence that Shorter has, in fact, received authorization from the Seventh Circuit to proceed with his present motion in the district court and, for good reason. In *McReynold's v. United States,* 397 F.3d 479, 481 (7th Cir. 2005), the Seventh Circuit expressly refused to extend *Booker* to cases on collateral review:

> We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington,* --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), came down, is the appropriate dividing line...

Here, Shorter's case became final long before *Booker* and, in any event, leave from the appellate court has not been obtained to file the present motion. As a result, this court lacks jurisdiction over Shorter's request.

## **CONCLUSION**

Shorter's "Formal Request for Modification of Sentence" is deemed a successive petition for relief under 28 U.S.C. §2255. Shorter has not received certification for the filing thereof from the Court of Appeal and thus, this court is without jurisdiction to entertain his motion. The petition is therefore, dismissed.

SO ORDERED.

This 4th day of May, 2005.

                                                 s/ William C. Lee
                                            United States District Court
                                            Northern District of Indiana